IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jeff C. Rosch, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 17 CV 6787 |
| | )     The Honorable: |
| Bates Water Solutions, Inc., | ) |
| under the FLSA and IWML | ) |
| Roy Bates and Jean Bates, | ) |
| Individually | ) |
| as Employers as permitted under FLSA and IWML | )**Jury Trial Demanded** |
| | ) |
|         Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Jeff C. Rosch, ("Plaintiff") by and through his undersigned counsel of record, and complains against Bates Water Solutions, Inc., (Hereinafter referred to as "Bates"), Roy Bates and Jean Bates, (Hereinafter referred to as "Individual Defendants"), as follows:

## INTRODUCTION

1. This case is filed based on Defendants' violations of the Fair Labor Standards Act (hereinafter "FLSA") , and the Illinois Overtime Wage Law (hereinafter "IMWL"); specifically 29 U.S.C. § 207 and § 105/4a(1).

2. Plaintiff was an employee of Defendant for several years

3. Throughout the Plaintiff's employment, the Plaintiff performed numerous work tasks for the benefit of the employer and the employer failed to compensate the Plaintiff for his labors at an overtime rate of pay, rather Defendants paid Plaintiff only straight time wages, no matter how many hours he worked.

4. Plaintiff requests compensation and credit for all uncompensated overtime work required, suffered, and/or permitted by Defendant, liquidated and/or other damages as permitted

by applicable law, restitution and payment of all benefits Defendant obtained from their unlawful business practices, and attorneys' fees and costs.

## PARTIES

### a. Plaintiff

5. Plaintiff, Jeff C. Rosch, is an individual resident of Illinois.

### b. Defendant

6. Bates Water Solutions, Inc., is a corporation doing business in the State of Illinois. As used in this Complaint, "Defendant" and/or "Bates" means Defendant, all subsidiaries, agents, successors, parent corporations.

7. Bates employed the Plaintiff receiving his services, and benefiting from his labors and supervising his employment.

8. At all times relevant hereto, Corporate Defendant was an employer engaged in an industry affecting commerce.

9. Defendant's sales and goods purchased in Commerce exceeded $500,000.00 in all years respective to the Plaintiff's claims.

10. Roy Bates and Jean Bates are owners and managers of the Defendant Corporation, who caused or allowed to occur, or failed to correct the Defendant Corporation's violations of the FLSA and or the IWML. (Hereinafter referred to as "Individual Defendants")

11. The Individual Defendants are named in accord with the FLSA and IMWL statutory provisions and regulatory rules which allow for naming such persons responsible for as "employers".

## JURISDICTION

12. Jurisdiction over the causes of action contained in this Complaint is conferred by

28 U.S.C. § 1331, as same arises under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act (FLSA).

## STATEMENT OF FACTS REGARDING OWED OVERTIME WAGES BASED ON FLSA VIOLATIONS

13. Plaintiff was employed by Defendant for many years.

**14.** Plaintiff was paid as an hourly employee.

**15.** Plaintiff was paid as a non-exempt employee.

**16.** Plaintiff was paid $20.00 per hour of work for ALL work, including work hours over 40 per week.

**17.** Plaintiff's paychecks varied pay period to pay period, thus showing that Plaintiff was paid on an hourly basis.

## DEFENDANT PAID OVERTIME WORK AT STRAIGHT TIME RATE OF PAY

18. Plaintiff worked for Defendants over forty hours many weeks each year.

19. Defendant paid the Plaintiff only straight time wages, no overtime wages.

20. As some courts have found that specific week by week allegations are required in pleadings, Plaintiff provides specific and explicit allegations that he worked overtime during the following pay periods, **HOWEVER, Plaintiff does not limit claims to these two pay periods, Plaintiff claims all wages owed under all applicable laws and statutes of limitations (if applicable), these two periods are provided ONLY based on certain Defendants filing 12B6 Motions and certain Judges requiring exact overtime claims by the week for pleadings purpose**s:

21. For pay date of 3/3/17 for pay period beginning on 2/11/17 and ending on 2/24/17, Plaintiff was paid $1,695.00.

22. For pay date of 3/3/17 for pay period beginning on 2/11/17 and ending on 2/24/17, Plaintiff was worked 84.75 hours.

23. Thus for the two work weeks of 2/11/17 to 2/24/17 Plaintiff worked at least 4.75 hours, but was only paid at straight time rate of pay, NOT paid at an overtime rate of pay.

24. Further, Plaintiff might have worked more than 4.75 hours of overtime as overtime is calculated using a one-week work-week, not a two week work week, thus Plaintiff could have worked 50 hours in week one, and 34.75 hours in week two, thus would be owed 10 hours of overtime.

25. Thus Plaintiff is owed overtime wages for the two work weeks of 2/11/17 to 2/24/17.

26. These overtime hours were reported to the employer using Defendants' own time recordings system, Thus, Defendant was fully aware, had done work, and he should have been compensated for that work at an overtime rate.

27. Plaintiff was not paid at an overtime rate of pay.

28. Therefore the above off the clock work time should have been paid at an over time rate of one and a half his regular rate of pay in accordance with the FLSA and Illinois Wage Laws.

29. For pay date of 3/17/17 Plaintiff was paid $2,026.10.

30. For pay date of 3/17/17 Plaintiff was worked 101.305 hours.

31. For pay date of 3/17/17 Plaintiff worked at least 21.3 hours, but was only paid at straight time rate of pay, NOT paid at an overtime rate of pay.

32. Further, Plaintiff might have worked more than 21.3 hours of overtime as overtime is calculated using a one week work week.

33. Thus Plaintiff is owed overtime wages for the two work weeks paid on pay date of 3/17/17.

34. On each of these occasions the Plaintiff was not paid overtime pay as required under the FLSA and Illinois Overtime Wage Law.

35. Plaintiff now brings a claim for these owed wages

36. Defendant intentionally/willfully failed and/or refused to pay Plaintiff all compensation to due to Plaintiff.

37. Defendant willfulness is shown by Defendant's paying the hours at straight time rate of pay.

38. Defendant's unlawful conduct has been uniform, widespread, repeated and consistent.

## FACTS LEADING TO THIS FILED LAWSUIT

39. Plaintiff learned at some point that he was being unfairly denied his overtime wages.

40. Plaintiff protested, complained and objected to the failure of Defendant to pay the proper rate of pay.

41. Defendant and Defendant agents scoffed at the Plaintiff refusing to pay the proper rate of pay.

42. Based upon the potential loss of claims by Plaintiff (rolling statute of limitations)

Plaintiff was forced by Defendants' response to requests for overtime to file these claims.

### DEFENDANTS' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

43. Defendant required and/or permitted Plaintiff to work more than 40 hours in a week. Defendant did not pay Plaintiff for all of these overtime hours at the proper overtime rate of pay, which should have been paid at the rate of one-and-a-half times the regular rate of pay, including all compensation.

44. Defendant's unlawful conduct has been uniform, widespread, repeated and consistent.

45. Defendant's management was aware that Plaintiff worked and was not paid overtime wages at an overtime rate of pay.

46. Defendant has willfully operated a scheme to deprive this employee of premium overtime by deliberately not paying him.

47. Defendant's conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff.

48. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

49. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

### FIRST CLAIM FOR RELIEF
**Claims for Overtime Wages
Under Fair Labor Standards Act**

50. Plaintiff realleges and incorporates by reference the all paragraphs contained within this complaint, as if fully set forth herein.

51. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

53. At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring or permitting their employees, including the Plaintiff employed by Defendant to fail to pay overtime to Hourly Employees to work in excess of forty (40) hours per week without compensating such employees for work performed at the applicable rate in violation of 29 USC §207.

54. At all relevant times, the work performed by Plaintiff as for service to Defendant and were and continue to be, required or permitted by Defendant, for the benefit of Defendant, directly related to such employee's principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

55. As a result of the Defendant willful failure to record or compensate its employees, including Plaintiff, employed by Defendant's for all hours worked, Defendant have violated, and continue to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

56. As a result of the Defendant's willful failure to record, report, credit, and/or

compensate its employees employed at Defendant, including the Plaintiff, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

57. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq Plaintiff seeks damages in the amount of her respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper

58. Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

59. Plaintiff has consented to be a party to this action. (Plaintiff's Signed Consent form attached as Exhibit 1).

60. At all times relevant to this action Plaintiff was employed by Defendant within the meaning of the FLSA.

61. At all times relevant to this action, Defendant was engaged in commerce and/or the production of goods for commerce and/or Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 207(a).

62. Due to Defendant's FLSA violations, Plaintiffs is entitled to recover from Defendants his unpaid overtime wages, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant them the following relief:

a.  Enter a declaratory judgment that Defendant violated the Plaintiff's rights under the FLSA, acts, as set forth in the preceding paragraphs.

b.  Award Plaintiffs their unpaid overtime wages, plus, an equal amount in liquidated damages.

c.  Award Plaintiff's pre-judgment and post-judgment interest as allowed by law;

d.  Award Plaintiff the costs of the litigation;

e.  Award the recovery of their reasonable attorney's fees;

f.  and award and order such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**Under the Illinois Overtime Wage Law "IMWL"**

63. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

64. Plaintiff was an employee of the Defendant pursuant to the Illinois Overtime wage Law (IMWL).

65. Plaintiff was employed by Defendant an employee.

66. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct.

67. Defendant derived benefits by requiring Plaintiff's work and was aware of that work, and failed to pay Plaintiff for that overtime work/wages at the overtime rate of pay.

48. By the Defendant's policies, the Plaintiff did not receive adequate employer contributions for FICA and other employer payroll taxes.

48. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

50. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray's for the following relief:

A Payment of unpaid overtime wages and 2% per month penalty on the unpaid overtime pursuant to the IMWL and Illinois Department of Labor regulations;

B. Unpaid overtime wages pursuant to the IMWL and other state wage laws;

C. Award Plaintiff's pre-judgment and post-judgment interest as allowed by law

D. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, and supporting Illinois Department of Labor regulations and other state wage laws;

E. Attorneys' fees and costs of this action; and

F. Such other relief as this Court shall deem just and proper.

## JURY DEMANDTRIAL DEMANDED ON ALL CLAIMS SO TRIABLE

September 20, 2017    Respectfully Submitted,

By: _____/S/ John C. Ireland __

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL   60177
630-464-9675
FACSIMILE 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137